IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHANE DERAY HODNETT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00394 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER K. KOWALCZUK, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Shane Deray Hodnett, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against his two former criminal defense attorneys, one retained and one appointed, complaining about the way each of them handled Hodnett's criminal case. I find that the named defendants are not proper defendants to a § 1983 action and, therefore, will dismiss Hodnett's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). An attorney, whether retained or court-appointed, who defends a person against a criminal charge does not act under color of state law in their representation of that person. *See, e.g., Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney). Therefore, I will dismiss this action for failing to state a claim.

    **ENTER**: This 31st day of July, 2014.

                                /s/ Norman K. Moon
                                NORMAN K. MOON
                                UNITED STATES DISTRICT JUDGE